UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT FRANKFORT
CIVIL ACTION NO.  06-29-KKC

**JEFFREY L. CARPENTER,**                                             **PETITIONER**

v.

**JOHN MOTLEY, Warden,**                                            **RESPONDENT**

## REPORT AND RECOMMENDATION

Petitioner Jeffrey L. Carpenter, while in custody at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent has filed an answer to which the petitioner has filed a tranverse/reply. Pursuant to local practice, this matter has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. *See* 28 U.S.C. § 636(b).

**I.  Background and Procedural History**

Petitioner is currently incarcerated for parole violations and for offenses allegedly committed while on parole.  Respondent describes petitioner as a "career criminal" and petitioner readily acknowledges that he has a "long criminal record."  Petitioner's criminal history was previously summarized by this court in a Report and Recommendation file on September 25, 2003:

    (1.)     In 1983, petitioner was convicted of burglary, second degree, and sentenced to serve a term of five years of imprisonment (indictment 83-CR-033);

    (2.)     In October 1984, petitioner pleaded guilty to escape, second degree, and was sentenced to serve one year concurrent with any previous sentence (indictment 84-CR-052);

(3.) In July 1985, petitioner pleaded guilty to a charge of burglary, third degree, and, on April 20, 1990, sentenced to four year term of probation (indictment 85-CR-050);

(4.) In 1990, petitioner was convicted of burglary, third degree; theft by unlawful taking; persistent felony offender, second degree; escape, second degree; promoting contraband; burglary, first degree; arson, third degree; tampering with physical evidence; possession of a handgun by a convicted felon; and persistent felony offender, first degree (indictments 89-CR-94, 90-CR-11); and sentenced to a total of forty years of imprisonment;

(5.) In 2003, petitioner was convicted of criminal possession of a forged instrument, sexual abuse, first degree, and persistent felony offender, first degree.

. . ..

In 1996, after serving nearly seven years on the forty-year sentence (indictments 89-CR-94, 90-CR-11), petitioner was granted parole with limitations based on a classification for "maximum supervision." In October 2001, petitioner was arrested in Vermont on parole violations for absconding and failure to report, and returned to Kentucky. Allegedly on the advice of his parole officer, petitioner waived a preliminary hearing. In December 2001, the parole board revoked his parole, giving him a 48-month deferment.

Petitioner initially brought various administrative and state court challenges to the revocation of his parole, all of which were unsuccessful. Eventually, he filed his first petition for writ of habeas corpus in this court. Noting that petitioner had selected the wrong procedural remedy in state court, this court dismissed the petition on September 25, 2003 without prejudice to renew it once petitioner had exhausted the correct state court remedy. Petitioner subsequently returned to state court to pursue a petition for writ of mandamus. The trial court denied the petition on April 27, 2004, and the Kentucky Court of Appeals affirmed in an unpublished opinion dated April 22, 2005. A petition for rehearing was denied by the same court on May 26, 2005, and the Kentucky Supreme Court denied discretionary review on January 11, 2006. Having finally exhausted his state court remedies, petitioner now returns to this court with a new petition for writ of habeas corpus filed pursuant to 28 U.S.C.

2

§2254.

In addition to his petition for writ of habeas corpus, petitioner has moved for the appointment of counsel and for discovery and/or an evidentiary hearing. Both motions will be denied for reasons that will be made clear in this Report and Recommendation.

Facts relevant to this petition, as related by the state trial court in denying the petition for writ of mandamus, are as follows:

> Carpenter was granted parole in June 1996, subject to a variety of conditions. In October, 2001, he was charged with absconding parole supervision. He was arrested in Vermont and returned to Kentucky. On October 15, 2001, Carpenter claims he was awakened and asked to sign some documents. The documents included a waiver of a preliminary revocation hearing. Carpenter argues that he was not aware of what he was signing at the time.

*Carpenter v. Kentucky Parole Board and Dep't of Corrections*, DE #1, Exh. 1 at p. 2.

The trial court proceeded to discuss the five factors to be considered when determining whether a writ of mandamus should be issued under Kentucky law, including whether the petitioner has "a legal right for which the enjoyment, protection, or redress of which the discharge of such duty [of an officer] is necessary." *Id.* at 3. The court noted that in this case, petitioner "is seeking to regain a privilege, not a legal right," but that petitioner is nonetheless "entitled to a minimum level of due process in connection with parole revocation proceedings as set forth in *Morrissey v. Brewer*, 408 U.S. 471, 486-489 (1972)." *Id.*

> Here, Carpenter argues that his right to due process was violated when he waived his right to a preliminary revocation hearing without knowingly doing so. Specifically, he claims he was awakened and told to sign paperwork despite not understanding what he was signing. The Board insists that Carpenter read and understood the waiver. This Court need not resolve that issue because it is moot. Carpenter was convicted in 2003 for a variety of charges including first degree sexual abuse. Kentucky law automatically

3

>revokes an individual's parole when they are convicted of a subsequent crime. *See* KRS 439.352. Thus, Carpenter's Petition for a Writ of Mandamus is moot.

*Id.* at 3-4. On appeal to the Kentucky Court of Appeals, petitioner argued that the trial court erred in concluding the petition was moot:

>On appeal, Carpenter asserts he did not receive a new conviction until some fourteen months after his parole was revoked. He contends that his parole revocation for two technical violations did not require that he be returned to prison. Carpenter argues that the claims were not moot because he was not returned to prison on a new conviction, and so KRS 439.352 has no application to this case.
>
>We affirm. . ... It is irrelevant that Carpenter's new convictions had not occurred at the time his parole was originally revoked. The deciding fact is that now Carpenter has no eligibility for parole as his parole would have been revoked automatically in 2003 under KRS 439.352 no matter what procedure or result he received on his parole revocation hearing. Carpenter's claims are moot.

*Carpenter v. Kentucky Parole Board and Dep't of Corrections*, DE #1, Exh. 1 at 6 (Ky. Ct. App., 4/22/05).

## II. Analysis

### A. Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all habeas corpus cases and requires "heightened respect" for legal and factual determinations made by state courts. See *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Relief may be granted on a federal constitutional claim decided by a state court only if the state court decision is "contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

All findings of fact by the state court are presumed to be correct and only "clear and convincing

evidence" may alter those determinations. *Mitchell v. Mason*, 325 F.3d 732, 737-738 (6th Cir. 2003), *cert. denied,* 543 U.S. 1080 (2005); 28 U.S.C. § 2254(e)(1).  Legal conclusions made by state courts are also given substantial deference under the AEDPA.  Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As the Supreme Court recently reiterated:  "A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result."  *Brown v. Payton*, 125 S.Ct. 1432, 1438 (2005); *see also Williams v. Taylor*, 529 U.S. at 405-406

The instant petition resurrects petitioner's claims of three years ago that the revocation of petitioner's parole on December 3, 2001 should be overturned based upon (1) revocation of his parole in violation of his due process rights and (2) the failure of the parole board and probation department to follow its own policies and procedures by reassessing petitioner's eligibility every six months.  In addition, petitioner argues that the state courts erred in ruling that his request for relief was

moot.[1] Petitioner contends that his sexual offender status should not bar him from parole and that his history of good conduct should have been considered by the Parole Board.

### A. Sexual Offender Status

The respondent argues that petitioner would not be entitled to parole under state law in any event because he is a sexual offender. However, petitioner argues that he has appealed his conviction for sexual abuse on grounds of ineffective assistance of trial counsel. If petitioner succeeds in this "appeal," he argues that his conviction will be overturned. In turn, if his sexual offense conviction is overturned, then he reasons that the collateral consequence of that conviction (his parole revocation) also should be set aside. "The petitioner believes the mootness doctrine speaks for it's self [sic] with respect to his case being capable of repetition as when he obtains the reversal of the sexual abuse conviction, the issue of parole will again be before the courts." DE #9, reply memorandum, at pp 2-3.

Petitioner is putting the cart before the horse with this argument. Unless and until his state court sexual conviction is vacated by the state court, it remains valid in the Commonwealth of Kentucky and serves to bar him from eligibility for parole under state law. Petitioner's hopeful anticipation of this event does not entitle him to relief under 28 U.S.C. §2254.

### B. "Good Conduct"

Petitioner further argues that he had over eight years of "clear conduct" and had served over

---

[1] Allegations challenging the fairness of parole revocation hearings, where success would entitle the prisoner to a new parole hearing as opposed to a speedier or immediate release from confinement, may be more properly presented under 42 U.S.C. §1983. *See, e.g., Lang v. Kentucky State Parole Board*, 2005 WL 2149291 (E.D. Ky. 2005). Nevertheless, this court will analyze petitioner's claims under 18 U.S.C. §2254 in the interests of justice.

fourteen years in prison "with no loss of good-time" with an equally admirable prison work record. Petitioner's assertions as to his periods of conduct during which he was cited for no violations or new offenses have no relevance to this proceeding. It is unclear whether petitioner fully and fairly presented this argument to the state courts, such that the claim is even cognizable in this federal proceeding. What is clear is that even if it has not been procedurally defaulted, the claim provides no grounds for relief under 28 U.S.C. §2254.

### C. Alleged Due Process Violations in Parole Proceeding

Petitioner's primary complaint is that his procedural due process rights were violated during his parole revocation hearing in 2001.

#### 1. Validity of Waiver

Petitioner first argues that his parole officer violated his constitutional rights when she:

> conned the petitioner into signing the waiver of a revocation hearing by – stating she would get the petitioner before the parole board, and stating he just needed to sign by her X's, without once explaining the procedures, nor following policy and procedures with respect to having a witness, and informing the petitioner he could present mitigation evidence. Further, the Ky Parole Board never once inquired about the pending case of sexual abuse during the revocation of petitioner's parole.
>
> Had petitioner's parole not been revoked by the illegal actions of the parole officers, the courts would have been able to appoint competent counsel to represent him in the litigation of the sexual abuse case and petitioner would not have been convicted of a crime he didn't committ [sic].

DE #9 (traverse/response to respondent's answer).

In his appeal from the denial of his petition for writ of mandamus, the petitioner stated the facts slightly differently, asserting that the parole officer simply "didn't explain what the papers were for" prior to asking him to sign them. Petitioner cites a Kentucky Corrections Policy and Procedure rule

7

which requires allegations of parole violations and rights to be read and explained to the offender when written notice is served. Petitioner states that the day after signing the waivers, he "realized what he had signed" and began his attempts to void the waiver. The respondent argues that the petitioner's primary claim - that the parole officer obtained an involuntary waiver without the presence of a witness- is flatly contradicted by the record in this case. Petitioner was not only given notice of his preliminary hearing, but he signed the waiver of counsel, waiver of waiting period and waiver of preliminary hearing, dated October 15, 2001, a total of **five times** as evidence that he was so notified. *See* DE #7, Exhibit B. In addition, the document itself reflects the parole officer's signature at each space clearly marked: "Witness (may be officer)."

Petitioner alleges in his traverse/reply that he was "conned" into signing the document. This allegation is not sufficient to show coercion. Notably, petitioner does not allege that he was somehow forced to execute the waiver or that he was incapable of reading and understanding the waiver at the time. As respondent suggests, petitioner's claim amounts to an argument that his own failure to carefully read or consider his waiver of the preliminary parole revocation hearing somehow violated his constitutional rights, without any unlawful action by his parole officer or the court. The state court's rejection of this claim is not contrary to, or an unreasonable application of clearly established federal law. Therefore, petitioner is not entitled to relief under 28 U.S.C. §2254.

### 2. Biannual Reports

Petitioner additionally argues that he "cannot obtain the parole officer's reports. . . .Should these reports be obtained the petitioner would show he was not reassessed according to CPP

Corrections Policy & Procedures every 6-months. . ..." It is unclear whether petitioner properly presented this claim to the state courts. Even if the claim was fully and fairly presented, however, it alleges only a violation of a state policy or procedure and fails to state a basis for relief under 28 U.S.C. §2254.

### D. Mootness

Petitioner argues that his claim was inappropriately rejected by the state courts as being moot. By contrast, the respondent argues that the Kentucky courts correctly held that petitioner's due process claim arising out of the 2001 parole revocation is moot because even if the Kentucky Parole Board had not revoked the Petitioner's parole at that time, his parole would have been revoked in March of 2003 when he was convicted and sentenced for a new felony. *See* KRS §439.352. Since the time spent on parole does not count toward completion of the sentence, the time between the 2001 and 2003 revocation dates would have been added back to the petitioner's sentence, along with all other time spent on parole, so that the allegedly wrongful or premature revocation would not have altered the length of incarceration. Again, because the analysis of the state courts is not contrary to nor an unreasonable application of clearly established federal law, petitioner's claim provides no basis for relief under 28 U.S.C. §2254.

### III. Conclusion

For the reasons stated herein, IT IS RECOMMENDED THAT the petition for writ of habeas corpus [DE #1] be **denied** and that the petition be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within

ten (10) days of the date of service of the same or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

This 15th day of September, 2006.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge